ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>RECURRIDA(S)<br><br>V.<br><br>**BENJAMÍN OCASIO ALVIRA**<br>ACUSADA(S)-PETICIONARIA(S) | **TA2025CE00665** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **FAJARDO**<br><br>Caso Núm.:<br>**NSCR200400803-00805** (306)<br><br>Sobre:<br>Art. 83 CP Asesinato en Primer Grado |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 25 de febrero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **BENJAMÍN OCASIO ALVIRA** (señor **OCASIO ALVIRA**), por derecho propio y litigando como indigente *(in forma pauperis)*, mediante *Enmendar Sentencia de Asesinato en Primer Grado a Asesinato Segundo Grado* interpuesto el 10 de octubre de 2025. En su recurso, nos solicita que revisemos la *Orden* decretada el 24 de septiembre de 2025 en la cual se declaró no ha lugar su *Moción* presentada el 22 de septiembre de 2025.

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...].[1] En atención a lo anterior, procedemos a disponer sin requerir ulterior trámite.

---

[1] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 15-16, 216 DPR ____ (2025).

## - I -

El señor **OCASIO ALVIRA,** quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR),** está cumpliendo pena en la Institución Ponce Adultos 1000 en Ponce, Puerto Rico.

El 24 de septiembre de 2025, el Tribunal de Primera Instancia, Sala Superior de Fajardo, dictaminó *Orden* en la cual dispuso:

> "Atendida la "Moción presentada el 22 de septiembre de 2025 por el convicto, el Tribunal dispone lo siguiente:
> Examinado el escrito presentado por el peticionario, a la luz de las reglas citadas por éste, por entender que no son de aplicación a este asunto, se provee, No Ha Lugar".

Después, el 10 de octubre de 2025, el señor **OCASIO ALVIRA** encausó su *recurso.* Enunció que su representación legal no fue eficaz ni logró enmendar las sentencias y cargos; la prueba para la convicción no era suficientemente robusta y demostrativa; y su *Sentencia* debe enmendarse a una de asesinato en segundo grado.

El 27 de octubre de 2025, intimamos *Resolución* requiriendo presentar y/o suministrar copia fiel y exacta del(de los) siguiente(s) documento(s): *Moción* presentada el 22 de septiembre de 2025 ante el Tribunal de Primera Instancia, Sala Superior de Fajardo, así como cualquier otro documento concerniente a su reclamación.

Ulteriormente, el 30 de enero de 2026, pronunciamos *Resolución* requiriéndole al señor **OCASIO ALVIRA** acreditar si se había obtenido copia fiel y exacta de la *Moción.* Al día de hoy, el señor **OCASIO ALVIRA no** ha comparecido.

## - II –

### - A – *PERFECCIONAMIENTO DE LOS RECURSOS ANTE EL TRIBUNAL DE APELACIONES*

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[2] Empero, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos

---

[2] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).

en el Reglamento del Tribunal de Apelaciones; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003; y en las Reglas de Procedimiento Civil de 2009. Nuestro Tribunal Supremo ha establecido que los litigantes y/o representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[3] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[4]

Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos establecidos en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso.[5]

Más aún, el Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[6] Señaló que la política de acceso a la justicia contenida en la Ley de la Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[7] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, sin embargo, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de

---

[3] *Isleta v. Inversiones Isleta Marina, supra,* pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[4] *Id.*
[5] *Morán v. Martí,* 165 DPR 356 (2005).
[6] *Vázquez Figueroa v. E.L.A.,* 172 DPR 150 (2007).
[7] 4 LPRA § 24a. *Morán v. Martí, supra; Gran Vista I. v. Gutiérrez y otros,* 170 DPR 174 (2007).

2003."[8] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[9]

Además de lo anterior, la Regla 34 de nuestro Reglamento dispone todo lo relacionado al contenido que deberá tener todo recurso de *certiorari*. A esos efectos, la precitada Regla, en lo pertinente, instituye lo siguiente:

> El escrito de *certiorari* contendrá:
> (A) Cubierta
> [...]
> (1) Epígrafe
> El epígrafe del escrito de *certiorari* contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrrida".
> [...]
> (C) Cuerpo
> (1) Toda solicitud de *certiorari* tendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> (a) En la comparecencia, el nombre de las partes peticionarias.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
> (c) **Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*.**[....]
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) **Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal**.
> (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable**.
> (g) La súplica.
> [..]
> (3) En caso de que en la solicitud de *certiorari* se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76.
> De tratarse de una solicitud de *certiorari* para revisar sentencias de condena por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29.
> [...]
> (E) Apéndice
> (1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:
> (i) en casos civiles, la demanda principal, la de coparte o de tercero u reconvención, con sus respectivas contestaciones;
> (ii) en los casos criminales, la denuncia y la acusación, si la hubiere.
> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

---

[8] *Morán v. Martí, supra,* pág. 369.
[9] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).

(c) **Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.**

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.

[...]

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de *certiorari*, en moción o *motu proprio* a la parte peticionaria, la presentación de los documentos del apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de *certiorari*, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.[10]

### - B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[11] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[12]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[13] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[14]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de*

---

[10] Véase la Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 54-58, 216 DPR ____ (2025).

[11] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).

[12] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

[13] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).

[14] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-501 (2019).

*auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio*".[15]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[16] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[17]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[18]

- III –

El día 10 de octubre de 2025, el señor **BENJAMÍN OCASIO ALVIRA** entabló una moción intitulada *Enmendar Sentencia de Asesinato en Primer Grado a Asesinato Segundo Grado* en la cual nos suplica que revisemos su *Sentencia.* Su petición incumple de forma crasa con los requisitos reglamentarios indispensables. A saber, carece de un apéndice completo que incluya copia de: (i) la denuncia o acusación; (ii) la *Sentencia*; (iii) su *Moción* presentada el 22 de septiembre de 2025; y (iv) todo documento que forme parte del expediente original que pueda ser útil al Tribunal de Apelaciones para resolver la controversia. Ello en clara contravención a las

---

[15] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[16] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[18] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-118, 216 DPR ___ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico" y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto".*

disposiciones de la Regla 34 del Reglamento de este Tribunal. Aparte de carecer de una fiel y concisa relación de los hechos procesales y de los hechos importantes y pertinentes del caso; no se señala(n) de forma breve y conciso el error o los errores que a juicio del señor **OCASIO ALVIRA** cometió el tribunal recurrido; ni se discute(n) el error o los errores señalado(s), incluyendo las disposiciones de ley y la jurisprudencia aplicable. El(Los) documento(s) omitido(s), requerido(s) por la aludida Regla, nunca fue(ron) presentado(s). Ante la carencia de un apéndice completo, no obran en los autos copia de todos los documentos esenciales que nos permitan determinar si ostentamos *jurisdicción* para atender los méritos de la controversia. Estos incumplimientos nos privan de *jurisdicción* para atender la(s) controversia(s) planteada(s) y procede la **desestimación** del recurso.

### - IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por falta de *jurisdicción,* el escrito incoado el 10 de octubre de 2025 por el señor **BENJAMÍN OCASIO ALVIRA**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a)** señor **BENJAMÍN OCASIO ALVIRA quien se encuentra bajo la custodia del DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR) a: Institución Ponce Adultos 1000 4 Q Celda 210 3699 Ponce By Pass Ponce, PR 00728-1504 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones